her backwards and tried to push her inside the vehicle. Defendant was charged and convicted of domestic violence and attempted unlawful imprisonment based on the predicate felony of aggravated stalking, and acquitted on the charge of aggravated stalking.

Although I would uphold the domestic violence conviction, because I believe it was *legally impossible* for defendant to have been convicted of the predicate felony, I would grant leave to appeal regarding the attempted unlawful imprisonment conviction, which requires that a person knowingly restrain a victim in order "to facilitate the commission of another felony." MCL 750.349b(1)(c). The predicate felony charged here, aggravated stalking, requires a "pattern of conduct composed of a series of 2 or more separate noncontinuous [and unconsented-to] acts[.]" MCL 750.411i(1)(a).

All parties agree that defendant engaged in an unconsented-to act. However, the parties also agree that this was defendant's *only* "unconsented-to act," which, it would seem, *cannot* amount to aggravated stalking. Thus, it is unclear how defendant could have been convicted of attempting to commit unlawful imprisonment in the absence of the underlying felony. Contrary to *People v Thousand*, 465 Mich 149 (2001), I believe that the instant case involves a legal, rather than a factual, impossibility, and that these concepts may have been mistakenly equated by the trial court.

HATHAWAY, J. (*not participating*). To avoid unnecessary delay to the parties in cases considered by this Court before I assumed office, I follow the practice of previous justices in transition and participate only in cases that need my vote to achieve a majority for a decision.

*Leave to Appeal Dismissed January 16, 2009:*

ANDERSON V AUTO CLUB INSURANCE ASSOCIATION, Nos. 137736, 137738, and 137740. On order of the Chief Justice, a stipulation signed by counsel for the parties agreeing to the dismissal of this application for leave to appeal is considered, and the application for leave to appeal is dismissed with prejudice and without costs. Court of Appeals Nos. 289006, 289007, and 289047.

HATHAWAY, J. (*not participating*). To avoid unnecessary delay to the parties in cases considered by this Court before I assumed office, I follow the practice of previous justices in transition and participate only in cases that need my vote to achieve a majority for a decision.

*Leave to Appeal Granted January 21, 2009:*

PEOPLE V McGRAW, No. 132876. By order of October 31, 2007, the application for leave to appeal the November 16, 2006, judgment of the Court of Appeals was held in abeyance pending the decision in *People v Sargent* (Docket No. 133474). On order of the Court, the case having been decided on June 18, 2008, 481 Mich 346 (2008), the application is again considered, and it is granted. The parties shall include among the issues to be briefed: (1) whether, absent an express indication to the contrary, the offense variables of the statutory sentencing guidelines, MCL 777.1 *et*

*seq.*, are to be scored based on (a) the defendant's conduct in committing the specific offense for which those guidelines are being scored, (b) the defendant's conduct during the entire criminal transaction, or (c) the defendant's conduct during both the specific offense being scored and any offenses resulting in conviction that arise out of the same transaction and that are enumerated in MCL 791.233b (see MCL 769.31[d]); (2) when is an offense completed for purposes of scoring the offense variables; (3) whether an accomplice to the underlying crime can be considered a "victim" under MCL 777.39 (OV 9); and (4) whether, based on the foregoing, the defendant in this case was properly assessed 10 points for "2 to 9 victims" under MCL 777.39 (OV 9) where he broke into an unoccupied store but, in the course of driving away with two accomplices, led the police on a car chase ending in a collision.

We further order the Saginaw Circuit Court, in accordance with Administrative Order No. 2003-3, to determine no later than February 3, 2009, whether the defendant is indigent and, if so, to appoint the State Appellate Defender Office to represent the defendant in this Court. If the defendant is not indigent, he must retain his own counsel.

The Clerk of the Court is directed to place this case on the May 2009 session calendar for argument and submission. Appellant's brief and appendix must be filed no later than March 23, 2009, and appellee's brief and appendix, if appellee chooses to submit an appendix, must be filed no later than April 17, 2009.

The Prosecuting Attorneys Association of Michigan and the Criminal Defense Attorneys Association are invited to file briefs amicus curiae, to be filed no later than April 28, 2009. Other persons or groups interested in the determination of the issues presented in this case may move the Court for permission to file briefs amicus curiae. Court of Appeals No. 264052.


*Leave to Appeal Denied January 21, 2009:*

PEOPLE v BAUDER, No. 136597. The defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D). Court of Appeals No. 280758.

KELLY, C.J. I would grant leave to appeal.

MORALES v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, No. 136823; reported below: 279 Mich App 720.

HOFF v SPOELSTRA, No. 137102, Court of Appeals No. 272898.

PEOPLE v NEU, No. 137215; Court of Appeals No. 285355.

HATHAWAY, J., did not participate because she was the trial judge.

DISHNO v STATE WIDE REAL ESTATE, No. 137395; Court of Appeals No. 285192.

PEOPLE v COPAS, No. 137411; Court of Appeals No. 277240.